UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JESUS SANCHEZ AYALA,

    Plaintiff,

-vs-

VERISK ANALYTICS, INC.,

    Defendant.

CASE NO.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JESUS SANCHEZ AYALA (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, VERISK ANALYTICS, INC. (hereinafter "Verisk"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. This is an action alleging Verisk violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) by producing and selling consumer reports inaccurately reporting as to Plaintiff, and thereby failing to follow policies and

1

procedures to ensure the maximum possible accuracy of the consumer report it produced and sold.

3. The FCRA creates a private right of action against a consumer reporting agency for the negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n, violation of any duty imposed by the FCRA. *Alexander v. Certegy Check Servs.*, No. 8:16-CV-859-17JSS, 2016 U.S. Dist. LEXIS 180072, at *5 (M.D. Fla. Dec. 29, 2016) (*citing Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015)).

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as Plaintiff is a natural person and resident of Broward County in the State of Florida; Verisk transacts business within this District; and a substantial portion of the violations described in this Complaint occurred in this District.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Verisk is a corporation headquartered at 545 Washington Boulevard in Jersey City, New Jersey 07310 that upon information and belief conducts business in the State of Florida.

10. Verisk is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Verisk is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Verisk disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. In or about June 2024, Plaintiff attempted to obtain automobile insurance and became aware of an automobile accident appearing in his Verisk consumer report that occurred on August 12, 2022, in West Virginia which did not belong to him.

3

13. The collision claim was from non-party, Progressive, and involved a 2018 Chrysler Sprinter, a 2018 Mercedes Benz, and a man by the name of "John Robertson".

14. Plaintiff has never owned or driven either of the above referenced vehicles. Further, Plaintiff was not in West Virginia on August 12, 2022, and he does not know the individual "John Robertson".

15. Plaintiff owns two vehicles: a 2018 Hyundai Sonata and a 2010 Honda Civic.

16. On or about July 13, 2024, Plaintiff mailed a detailed dispute letter to Verisk regarding the inaccurate reporting. In the letter, Plaintiff explained he was not involved in the August 12, 2022, accident and that he had never owned or driven the vehicle involved. In the letter, Plaintiff included an image of his driver's license, Social Security card, passport, and recent mortgage statement as proof of identity. Plaintiff also included images of the erroneous reporting and other supporting documents.

17. Plaintiff mailed his detailed dispute letter to Verisk via USPS Certified Mail, tracking number 7022 2410 0003 0698 8512.

18. On or about August 15, 2024, Plaintiff received a response from Verisk which listed six (6) insurance companies that requested his report.

19. On or about August 16, 2024, Plaintiff received an updated copy of his consumer report from Verisk. Upon review, to his relief, Plaintiff observed the erroneous August 12, 2022, accident was removed from his consumer report.

20. As a result of the action and/or inaction of Verisk, Plaintiff has suffered damages, including, but not limited to:

  i. Monies lost by attempting to fix his consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii. Loss of time attempting to cure the errors;

  iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

  iv. Inability and difficulty in obtaining affordable automobile insurance; and

  v. Defamation as Verisk published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Verisk Analytics, Inc. (Negligent)**

21. Plaintiff re-alleges and re-incorporates paragraphs one (1) through twenty (20) as if fully stated herein.

22. Verisk violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

23. Upon information and belief, Verisk allowed for a Furnisher to report inaccurate information. Verisk failed to have policies and procedures to avoid misreporting driving and accident records.

24. Upon information and belief, Verisk is aware that it has misrepresented driving and accident records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

25. Upon information and belief, Verisk prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

26. As a direct result of this conduct, action and/or inaction of Verisk, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental

and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

27. The conduct, action, and/or inaction of Verisk was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

28. Plaintiff is entitled to recover costs and attorney's fees from Verisk in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JESUS SANCHEZ AYALA, respectfully requests that this Court award actual damages against Defendant, VERISK ANALYTICS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Verisk Analytics, Inc. (Willful)**

29. Plaintiff re-alleges and re-incorporates paragraphs one (1) through twenty (20) as if fully stated herein.

30. Verisk violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

31. Upon information and belief, Verisk allowed for a Furnisher to report inaccurate information. Verisk failed to have policies and procedures to avoid misreporting driving and accident records.

32. Upon information and belief, Verisk is aware that it has misrepresented driving and accident records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

33. Upon information and belief, Verisk prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

34. As a direct result of this conduct, action and/or inaction of Verisk, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

35. The conduct, action, and/or inaction of Verisk was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

36. Plaintiff is entitled to recover costs and attorney's fees from Verisk in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JESUS SANCHEZ AYALA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, VERISK ANALYTICS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JESUS SANCHEZ AYALA, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, VERISK ANALYTICS, INC., jointly and

severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 26th day of August 2024.

Respectfully submitted,

**/s/ _Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*